IN THE CIRCUIT COURT OF THE
SEVENTH JUDICIAL CIRCUIT, IN
AND FOR BAY COUNTY, FLORIDA

KATHERINE SLIMP,

      Plaintiff,

v.

BAY DISTRICT SCHOOLS,

      Defendant.
_____/

CASE NO.: 14-CA-
FLA BAR NO.: 0739685

## COMPLAINT

Plaintiff, KATHERINE SLIMP, hereby sues Defendant, BAY DISTRICT SCHOOLS, and alleges:

### NATURE OF THE ACTION

1. This is an action brought under Chapter 760, Florida Statues; 42 U.S.C. §2000e et seq., and 42 U.S.C. §1981a.

2. This is an action involving claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, KATHERINE SLIMP, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class because of her gender and because she reported unlawful employment practices and was subject to retaliation thereafter.

4. At all times pertinent hereto, Defendant, BAY DISTRICT SCHOOLS, has been organized and existing under the laws of the State of Florida. At all times pertinent to this

action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5. Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and with the EEOC. This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff, a white female, began her employment with Defendant in 2002 and holds the position of Teacher.

7. Plaintiff was subjected to sexual harassment, hostile work environment and disparate treatment due to her gender and was retaliated against after reporting.

8. The mistreatment came at the hands of Principal, William Payne, a white male. Beginning in August 2009, while teaching at the Deane Bozeman School, Plaintiff was subjected to verbal and physical inappropriate sexual advances by Principal William Payne.

9. In August 2009, Plaintiff was interviewed by Payne for a teaching position at Bozeman. At the interview, Payne asked Plaintiff if she was wearing panties. From that point on, Plaintiff was subjected to sexual comments from Payne on an almost daily basis. He would also touch her hair and stroke her back on a regular basis.

10. In October 2010, Plaintiff, along with Student Government representatives, was giving a presentation in the principal's conference room. After the students left, Payne cornered Plaintiff in his office and grabbed her breasts. He said, "I know you are OCD so I will have to get a body rubber to have sex with you."

11. When Payne finally got the message that Plaintiff would not enter into a sexual relationship with her, he began to treat Plaintiff poorly. Plaintiff reported this inappropriate behavior on a continuing basis to Defendant with no corrective action taken. Plaintiff was transferred to Everitt Middle School where she currently is teaching but continues to receive retaliation and discrimination for her reporting. Plaintiff has interviewed for twelve jobs at high schools but no one will hire her. Plaintiff is highly qualified but is not being hired because she reported Payne.

12. Plaintiff contends there is a pattern and practice of sexual misconduct, gender discrimination and hostile work environment by Principal Payne as several other employees of Defendant have filed complaints.

13. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the statutory provisions cited herein and such other grounds as are authorized.

## COUNT I
## GENDER DISCRIMINATION

14. Paragraphs 1-13 are re-alleged and incorporated herein by reference.

15. This is an action against Defendant for gender discrimination.

16. Defendant has taken action and allowed action to be taken against Plaintiff because she is female. During Plaintiff's employment with Defendant, she was the victim of sexual harassment and disparate treatment with no action taken by Defendant to prevent or otherwise correct a known problem with Payne.

17. Then after notice of sexual harassment and other forms of discrimination described more fully herein, Defendant delayed in taking action against Payne and caused

3

additional harassment and harm to Plaintiff.

18. Defendant knew or should have known of the sex/gender based discrimination perpetuated against Plaintiff that was unwelcomed, offensive, and repetitive and Defendant failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

19. Defendant knowingly condoned and ratified the discrimination set forth above.

20. Defendant's conduct and omissions constitute intentional discrimination and unlawful employment practices based upon gender/sex in violation of the state and federal laws applicable to this action.

21. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief.

## COUNT II
## RETALIATION

22. Paragraphs 1-13 are re-alleged and incorporated herein by reference.

23. Defendant is an employer as that term is used under the applicable statutes referenced above.

24. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting Plaintiff under 42 U.S.C § 2000e et seq., and Chapter 760, Florida Statutes.

4

25. The foregoing unlawful actions by Defendant were purposeful.

26. Plaintiff voiced opposition to unlawful employment practices during Plaintiff's employment with Defendant and was the victim of retaliation thereafter, as related in part above.

27. Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

28. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to injunctive/equitable relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

5

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest where appropriate; and

(g) grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 7th day of July 2014.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
Email: marie@mattoxlaw.com
Secondary emails:
michelle2@mattoxlaw.com
joshua@mattoxlaw.com
ATTORNEYS FOR PLAINTIFF